**STATE of Iowa, Plaintiff-Appellee,**

v.

**William Sherman HIGHTOWER,
Defendant-Appellant.**

No. 84–1587.

Court of Appeals of Iowa.

Sept. 24, 1985.

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

Charles L. Harrington, Chief Appellate Defender, Des Moines, for defendant-appellant.

Thomas J. Miller, Atty. Gen., and Ann E. Brenden, Asst. Atty. Gen., for plaintiff-appellee.

Heard by OXBERGER, C.J., and SNELL, and SACKETT, JJ.

SACKETT, Judge.

Defendant Hightower appeals his conviction of indecent contact with a child in violation of Iowa Code section 709.12 (1983), alleging two grounds of reversible error: (1) the trial court erred in excluding the public from the courtroom during the testimony of the ten-year-old victim in violation of his constitutional right to a public trial, and (2) the trial court erred in admitting hearsay evidence about a previous incident in which the defendant had allegedly kissed the victim.

[redacted] Our scope of review is on assigned error. Iowa R.App.P. 4. However, because constitutional rights are involved, our review is de novo in light of the totality of the circumstances. *State v. Eubanks*, 355 N.W.2d 57, 58 (Iowa 1984).

## I.

Defendant claims the trial court committed reversible error by excluding the public from the courtroom during the testimony of the alleged victim in violation of defendant's right to a public trial under the Sixth and Fourteenth Amendments to the United States Constitution, under Article I section 10 of the Iowa Constitution, and under Iowa Code section 602.1601 (1983).

The record indicates that when the ten-year-old victim was called to the stand the jury was excluded from the courtroom and the following record made:

> PROSECUTOR: Before we begin, I wonder if I could make a request that with the exception of court personnel and necessary parties and Amy Anderson's support crew, including her parents and a lady who has been working with her counseling, that all other spectators be excluded from the courtroom while she testifies.
>
> THE COURT: Is there any objection by the Defendant to such request?
>
> DEFENSE ATTORNEY: Your Honor, the Defendant requests that the Court not exclude the parties from the courtroom in that he is afforded the right to a public trial, and he wishes all portions of the trial to remain open to the public.
>
> THE COURT: Due to the sensitive nature of the testimony here, the Court will rule that all public spectators other than Amy's family and counselor be excluded from the courtroom during her testimony.

PROSECUTOR: Thank you, Your Honor.

Defendant appeals contending this record is insufficient to warrant the exclusion of the public during the victim's testimony.

The United States Supreme Court has delineated requirements that must be satisfied before a trial is closed from the public:

1) the party seeking to close the hearing must advance an overriding interest that is likely to be prejudiced,

2) the closure must be no broader than necessary to protect that interest,

3) the trial court must consider reasonable alternatives to closing the proceeding, and

4) the trial court must make findings adequate to support the closure.

*Waller v. Georgia,* 467 U.S. 39, ——, 104 S.Ct. 2210, 2216, 81 L.Ed.2d 31, 39 (1984) (citing *Press-Enterprise Co. v. Superior Court,* 464 U.S. 501, 104 S.Ct. 819, 78 L.Ed.2d 629 (1984)).

■ Defendant contends these requirements were not met. On the record of this case we agree. In seeking to close the courtroom during the victim's testimony, the prosecutor did not articulate for the record an "overriding interest" that would likely be prejudiced, and the trial court failed to make adequate findings to support the closure. Defendant's constitutional right to a public trial was violated, and he is thus entitled to a new trial.

We recognize the fact that the victim was a ten-year-old who might have difficulty testifying in a public courtroom due to the nature of this case. Minor victims of sex crimes should be protected from further trauma and embarrassment. By closing the courtroom to the public, it may encourage such victims to testify free from confusion and fright. *Globe Newspaper Co. v. Superior Court,* 457 U.S. 596, 607, 102 S.Ct. 2613, 2620, 73 L.Ed.2d 248, 257 (1982).

■ However, the defendant's right to a public trial is constitutionally based for the benefit of the defendant. *Waller v.*

*Georgia,* 467 U.S. at ——, 104 S.Ct. at 2215, 81 L.Ed.2d at 38. The right to an open trial may give way under rare circumstances to other rights and interests such as the defendant's right to a fair trial or the government's interest in nondisclosure of sensitive information. *Id.* The United States Supreme Court has stated the applicable rules:

> The presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest. The interest is to be articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered.

*Id.* (citations omitted).

While we are very aware of the embarrassment and sensitivity of a ten-year-old testifying, mere reference to the "sensitive nature of the testimony" will not be sufficient in denying the defendant his constitutional right to a public trial. We reverse the trial court and remand for new trial.

## II.

Defendant's second assertion on appeal is that the trial court erred in admitting hearsay evidence that the defendant had kissed the victim.

Defendant's wife testified on his behalf at trial, and she was asked the following questions on direct examination.

DEFENSE COUNSEL: Prior to this matter and your husband being accused in this matter, had Amy Anderson, your niece, ever said anything to you about your husband touching her? A. No.

\* \* \* \* \* \*

Q. To your knowledge has anything else ever taken place in terms of physical contact between Amy Anderson and your husband in a sexual manner? A. No.

On cross-examination and redirect, defendant's wife stated that the only time she had received any complaints from the victim's parents regarding the way defendant

touched the victim was "just a couple of days before he got arrested." The state subsequently called the victim's mother to rebut this testimony concerning the timing and existence of earlier complaints. Over objection by defendant, Amy's mother testified that approximately three months prior to defendant's arrest Amy had told her that defendant had been kissing her. Amy's mother further testified that she brought this matter to the attention of defendant's wife at that time.

■ The trial court is vested with broad discretion concerning the admission of rebuttal evidence, and its ruling will be disturbed only upon a clear abuse of discretion. *State v. Maniccia,* 355 N.W.2d 256, 262 (Iowa App.1984).

■ The State's cross-examination of defendant's wife was properly within the scope of the subject matter of direct examination. Iowa R.Evid. 611. During direct examination of the defendant's wife, the defense counsel opened the door for the production of further evidence by the state regarding the existence, nature, and timing of other complaints made by the victim and of such complaints being communicated to defendant's wife. The testimony of the victim's mother was not offered to prove the defendant kissed the victim, but rather was offered to rebut defendant's wife's testimony concerning prior complaints about defendant's behavior. Therefore, the testimony was not hearsay. The trial court did not abuse its discretion in admitting this testimony.

REVERSED AND REMANDED FOR NEW TRIAL.