STATE of Iowa, Appellee,

v.

Robert Eugene BYRD, Appellant.

No. 88–1046.

Supreme Court of Iowa.

Nov. 22, 1989.

Ronald L. Wheeler, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Richard J. Bennett, Asst. Atty. Gen., and James Smith, County Atty., for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, CARTER and NEUMAN, JJ.

NEUMAN, Justice.

This is an appeal by Robert Byrd from the judgment entered upon his conviction for possession of cocaine with intent to deliver. *See* Iowa Code § 204.401(1) (1987). Byrd's appeal challenges the trial court's refusal to declare a mistrial following a comment by a prosecution witness concerning an informant whose identity was not disclosed to Byrd for purposes of confrontation. For its part, the State urges the dismissal of Byrd's appeal on the ground that he fled the jurisdiction while the appeal was pending. We overrule the State's motion to dismiss and affirm the district court on the merits.

On July 2, 1987, Des Moines police officers executed a search warrant for an apartment managed by Byrd. Byrd was at the apartment when the police arrived. The search uncovered "bindles" of crack cocaine, a baggie containing powder cocaine, $1042 in cash, test tubes, a lighting torch, and cutting agents commonly used in the manufacture of crack cocaine. Fingerprints on the baggie of cocaine matched Byrd's. He was arrested and charged with possession with intent to deliver controlled substances.

At trial, witnesses for the State were allowed, over defense counsel's objection,

to describe generally the method by which police use undercover agents and confidential informants to make controlled narcotics purchases at suspected "drug houses." Such drug buys, the testimony revealed, furnish the basis for applications to obtain search warrants. Officer Debra Richardson, who served as the evidence technician for the search at Byrd's residence, identified the seized bindles of crack cocaine as "the type of substance that we had bought using an informant."

Following Officer Richardson's testimony, Byrd moved for a mistrial, claiming her testimony prejudiced the defense by informing the jury "that there was an informant that made some buys in this case, and yet the defendant is unable to obtain access to this informant." The court overruled the motion along with the defendant's subsequent motion to compel the identity of the confidential informant who had made the earlier "buy." At the close of all the evidence, the court again overruled the defendant's renewed motion for mistrial. The jury found Byrd guilty as charged.

I. While free on appeal bond following sentencing, Byrd was arrested on an unrelated second-degree theft charge. As a result of his rearrest, the district court increased Byrd's bond and, upon his failure to post the required sum, Byrd was directed to surrender himself to the sheriff. Instead, Byrd fled the jurisdiction. He was ultimately apprehended in Missouri and, following his return to Des Moines, pled guilty to a charge of failure to appear and was incarcerated.

Based on these facts, the State has moved to dismiss Byrd's appeal. It claims Byrd's acts demonstrate a "flagrant disregard of judicial authority" that gives rise to this court's inherent power to forfeit Byrd's right of appellate review. In resistance to the motion, Byrd relies on the right of appeal guaranteed by Iowa Code section 814.6(1)(a). That statute grants a right of appeal from judgment of sentence except upon conviction for simple misdemeanor or ordinance violation. *See id.* Any exception to that guarantee, Byrd argues, should

come from legislative enactment, not judicial fiat.

The question is one of first impression in Iowa. Defendants have no constitutional right to state appellate review of state criminal convictions. *Estelle v. Dorrough*, 420 U.S. 534, 536, 95 S.Ct. 1173, 1175, 43 L.Ed.2d 377, 380 (1975). A court's authority to dismiss pending appeals of escaped prisoners is regarded by the United States Supreme Court as "a longstanding principle of American law." *Id.* at 537, 95 S.Ct. at 1175, 43 L.Ed.2d at 380. The principle is based on the notion that a defendant who has fled the jurisdiction in effect waives the right to invoke further judicial process:

No persuasive reason exists why this Court should proceed to adjudicate the merits of a criminal case after the convicted defendant who has sought review escapes from the restraints placed upon him pursuant to the conviction. While such an escape does not strip the case of its character as an adjudicable case or controversy, we believe it disentitles the defendant to call upon the resources of the Court for determination of his claims.

*Molinaro v. New Jersey*, 396 U.S. 365, 366, 90 S.Ct. 498, 498, 24 L.Ed.2d 586, 587–88 (1970); *see United States v. Wood*, 550 F.2d 435, 437–38 (9th Cir.1976); *United States v. Gordon*, 538 F.2d 914, 915 (1st Cir.1976); *State v. Bono*, 103 Wis.2d 654, 655, 309 N.W.2d 400, 400 (1981); *see also United States v. Puzzanghera*, 820 F.2d 25, 26–27 (1st Cir.1987) (fugitive appellant returned involuntarily to jurisdiction forfeits right of appeal although rights of others similarly situated will be considered on case-by-case basis).

We acknowledge that the considerations of expediency, deterrence, and judicial economy underlying these decisions carry a good deal of appeal. We note, however, that unlike the appellants in all but the *Puzzanghera* case cited above, Byrd has returned to this jurisdiction, albeit involuntarily. Because he is now within the reach of our authority, no element of futility frustrates the force of our judgment. Moreover, we think Byrd's recapture and

incarceration for failure to appear should deter those similarly inclined to flee while an appeal is pending. Given these factors, and the absence of any statute or rule authorizing dismissal on the ground urged, we decline the State's invitation to exercise whatever inherent power we may have to dismiss in this instance. We thus turn to the merits of Byrd's appeal.

II. The thrust of Byrd's appeal is that the court allowed the State to go too far in eliciting testimony concerning general investigative techniques leading up to the search of Byrd's apartment. Specifically, Byrd argues that the court should have declared a mistrial once Officer Richardson allegedly linked drugs found in the apartment to those previously purchased by an informant. Byrd's defense rested on the claim that he was merely cleaning the vacant apartment when the police arrived and was completely unaware of the drugs hidden there. Richardson's testimony, Byrd claims, allowed the jury to infer that an informant had identified Bryd as the operator of an alleged "drug house." Yet Byrd was given no opportunity to confront this informant and challenge his identification. This, Byrd argues, violated his right to confrontation guaranteed by the United States and Iowa Constitutions.

■ Byrd concedes that the State is ordinarily privileged to withhold the identity of a person who merely gives information about the commission of a crime. *State v. Luter,* 346 N.W.2d 802, 810 (Iowa 1984); *State v. Webb,* 309 N.W.2d 404, 410 (Iowa 1981); *State v. Lamar,* 210 N.W.2d 600, 602 (Iowa 1973). This "informer's privilege" rests on the important public policy of maintaining the flow of information leading to the investigation and prosecution of criminals. *Luter,* 346 N.W.2d at 810, *Webb,* 309 N.W.2d at 410, *Lamar,* 210 N.W.2d at 602. There are times, however, when a court must balance this important State interest against the defendant's right to prepare and present a meaningful defense. *State v. Nelson,* 395 N.W.2d 649, 652 (Iowa App.1986). Thus, if the informant was present at the scene of the crime, or a participant to it, such person is no

longer merely an *informant* but a *witness* whose identity must ordinarily be divulged. *Roviaro v. United States,* 353 U.S. 53, 64, 77 S.Ct. 623, 630, 1 L.Ed.2d 639, 647 (1957); *Luter,* 346 N.W.2d at 810; *State v. Sheffey,* 243 N.W.2d 555, 558 (Iowa 1976). Such disclosure may be especially material when the defendant asserts a defense of entrapment, misidentification, or alibi. *Nelson,* 395 N.W.2d at 653. A defendant has no right, however, to confront an informant who does not, directly or indirectly, give any evidence at trial. *Cooper v. California,* 386 U.S. 58, 62 n. 2, 87 S.Ct. 788, 799 n. 2, 17 L.Ed.2d 730, 734 n. 2 (1967); *United States v. Francesco,* 725 F.2d 817, 822 (1st Cir.1984); *State v. Wagner,* 410 N.W.2d 207, 213 (Iowa 1987).

■ The record before us yields no evidence that an informant was a witness or participant to the crime or that Byrd's need for disclosure of the informant outweighs the State's interest in protecting the informant's anonymity. Byrd was charged with the crime of *possession* of controlled substances, not their *sale*. No informant witnessed or participated in the search that uncovered the evidence of that crime. Any alleged sale of drugs by Byrd was not only irrelevant to this prosecution, it formed no part of the State's case. Officer Richardson's oblique reference to a similarity between the drugs seized from Byrd and those seized in an earlier purchase by an informant simply does not transform that informant into a witness whose identity must, in fairness, be compelled in this case.

The case upon which Byrd relies, *Hutchins v. Wainwright,* 715 F.2d 512 (11th Cir. 1983) is readily distinguishable. There the court overturned a defendant's conviction for armed robbery because the prosecutor informed the jury that an eyewitness to the crime existed and had accompanied the police to the residence of the defendant but "refused to testify out of fear of retribution." *Id.* at 515. The court held that this statement clearly violated the defendant's right to confrontation. *Id.* at 516. Not only was the defendant precluded from cross-examining the alleged eyewitness, but the jury was also unable to observe and

judge the witnesses' credibility for itself. *Id.* at 516.

No such confrontation clause violation is apparent here. No out-of-court statements inculpating the defendant were introduced, nor even alluded to. Byrd was simply caught with the goods. While the trial court could have justifiably limited the State's preliminary evidence to a greater degree, such limitation would be within the court's discretion and we find no abuse of that discretion here. Accordingly, we affirm the judgment of the district court.

AFFIRMED.

All Justices concur except HARRIS, J., who concurs in division II and the result.