**STATE of Iowa, Appellee,**

v.

**Ricky Edward DYER, Appellant.**

No. 95–488.

Supreme Court of Iowa.

July 24, 1996.

Jeffrey L.L. Stein of the Stein Law Office, Marshalltown, for appellant.

Thomas J. Miller, Attorney General, Roxann M. Ryan, Assistant Attorney General, James DeTaeye, County Attorney, and Paul Crawford, Assistant County Attorney, for appellee.

Considered by McGIVERIN, C.J., and LARSON, CARTER, SNELL, and ANDREASEN, JJ.

PER CURIAM.

Defendant Ricky Dyer appeals the judgment and sentence entered upon his conviction of furnishing intoxicants to inmates in violation of Iowa Code section 719.7 (1995) on the basis that he received ineffective assistance of counsel. The primary issue on appeal, however, is whether Dyer's appeal should be dismissed due to his flight from the jurisdiction and failure to return by the time the appeal was heard. We conclude that the appeal should be dismissed.

On January 6, 1995, Ricky Dyer was charged with furnishing intoxicants to inmates at a Marshalltown residential facility under the management of the Iowa Department of Corrections. Dyer pleaded guilty as charged pursuant to a plea agreement with the State providing that, in return for his guilty plea, the State would recommend Dyer's sentence run concurrently with the sentences on two 1992 convictions for which he then was on parole. On February 20, 1995, Dyer was sentenced to a term of imprisonment not to exceed five years; sentence to run concurrently with his prior sentences.

On appeal Dyer contends he received ineffective assistance of counsel because his counsel did not fully explain the consequences of a concurrent sentence. Dyer maintains he was given the impression his new sentence would be discharged as soon as he completed his sentences on the 1992 convictions.

Dyer posted appeal bond; however, his appellate counsel notes he does not know Dyer's whereabouts. Appellate counsel relies on a letter from Dyer dated April 13, 1995, in forming the issue for appeal. The State argues, among other things, the appeal should be dismissed due to Dyer's flight from the jurisdiction.

In *State v. Byrd*, 448 N.W.2d 29 (Iowa 1989), we considered and rejected the State's request to dismiss defendant's appeal because he had fled the jurisdiction after posting his appeal bond. However, we noted that the defendant had "returned to the jurisdiction, albeit involuntarily," that "no element of futility" would now frustrate the force of the court's judgment, and defendant's recapture and incarceration for failure to appear should deter those similarly inclined to flee while an appeal is pending. *Id.* at 30–31. Given these factors, and "the absence of any statute or rule authorizing dismissal on the ground urged," we "declined the State's invitation to exercise whatever inherent power" we may have to dismiss. *Id.* The State urges us to exercise our inherent power to dismiss here because Dyer has fled and not returned to the jurisdiction.

There is ample authority supporting the State's position that Dyer's flight should serve as a forfeiture of the right to appeal. The Supreme Court affirmed the principle espoused by the State recently in *Ortega–Rodriguez v. United States,* 507 U.S. 234, 239, 113 S.Ct. 1199, 1203, 122 L.Ed.2d 581, 591 (1993), wherein it noted that it "has been settled for well over a century that an appellate court may dismiss the appeal of a defendant who is a fugitive from justice during the pendency of his appeal." *See also Degen v. United States,* — U.S. —, —, 116 S.Ct. 1777, 1781, 135 L.Ed.2d 102, 108–09 (1996).

The Court in *Ortega* explained that the "rule allowing dismissal of fugitives' appeals has rested in part on enforceability concerns, and in part on a 'disentitlement' theory that construes a defendant's flight during the pendency of his appeal as tantamount to a waiver or abandonment." *Id.* at 240, 113 S.Ct. at 1204, 122 L.Ed.2d at 592. In addition, "dismissal by an appellate court after a defendant has fled its jurisdiction serves an important deterrent function and advances an interest in efficient, dignified appellate practice." *Id.* at 242, 113 S.Ct. at 1205, 122 L.Ed.2d at 593 (citing *Estelle v. Dorrough,* 420 U.S. 534, 537, 95 S.Ct. 1173, 1175, 43 L.Ed.2d 377, 381 (1975)).

We accept the State's invitation and exercise our inherent power to dismiss this appeal based on Dyer's flight from the jurisdiction and failure to return by the time the appeal was heard. We believe dismissal under these circumstances is consistent with our holding in *Byrd* and is justified by the reasons explained in *Ortega.*

The appeal is dismissed.

**APPEAL DISMISSED.**