# IN THE COURT OF APPEALS OF IOWA

No. 19-0393
Filed February 5, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MOHAMED SAID DIRIYE,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Carla T. Schemmel (plea) and Jeffrey D. Farrell (sentencing), Judges.

A defendant appeals from convictions for the death and serious injury of occupants of his taxicab. We dismiss his appeal because of his flight from justice. **APPEAL DISMISSED.**

A. Zane Blessum and Susan R. Stockdale, Winterset, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

Considered by Doyle, P.J., and Tabor and Schumacher, JJ.

**SCHUMACHER, Judge.**

In the early morning hours of January 19, 2017, taxicab driver Mohamed Said Diriye picked up passengers Shawn Koltiska and Joseph Foster for transport to their hotel. There was a dense fog advisory in effect, with visibility down to a quarter of a mile. The roadway was damp. Diriye was driving between fifty-three and fifty-eight miles per hour in a forty-mile-an-hour zone. While driving, Diriye looked at his own cell phone as well as Koltiska's phone in an attempt to obtain directions to the hotel. At the intersection of two county roads, the taxi left the roadway, vaulting through the air for approximately forty-five to fifty-one feet before landing in a ditch, then ramping up and over a railroad track bed, coming to rest nose down in a ravine on the other side of the railroad tracks. Koltiska was killed in the crash. Foster suffered serious injuries to his back and abdomen. Diriye suffered minor injuries.

At the scene, deputies suspected Diriye, the taxi driver, was under the influence of alcohol. Diriye was asked to provide a breath sample at the hospital. Believing Diriye was attempting to avoid providing a proper sample, deputies obtained a search warrant to collect a blood sample. The lab report indicated Diriye's blood alcohol content was .163. Diriye was charged with operating while intoxicated causing death, reckless driving causing death, operating while intoxicated causing serious injury, reckless driving causing serious injury, and operating while intoxicated, second offense.

Diriye pleaded guilty on November 17, 2017, to homicide by vehicle by reckless driving, a class "C" felony; serious injury by vehicle by reckless driving, a class "D" felony; and operating while intoxicated, an aggravated misdemeanor.

Sentencing occurred on February 22, 2019, wherein Diriye was sentenced to a total of seventeen years of incarceration. Diriye appealed on March 5, 2019, and posted an appeal bond on March 6, 2019, contrary to Iowa Code section 811.1(2) (2019).[1] The State moved to correct the bond error on March 27, 2019. The court granted the motion on April 24, 2019, and provided Diriye until May 3, 2019, to present himself to be taken into custody. He failed to do so, and a bench warrant issued.

The State moved to dismiss Diriye's appeal on May 17, 2019, arguing Diriye forfeited his right to appeal by failing to present himself, citing *State v. Dyer*, 551 N.W.2d 320 (Iowa 1996). In *Dyer*, the Iowa Supreme Court invoked its inherent power to dismiss a defendant's appeal where the defendant fled the jurisdiction and did not return. 551 N.W.2d at 321. The *Dyer* court distinguished *State v. Byrd*, 448 N.W.2d 29, 30–31 (Iowa 1989), where the court had refused to dismiss an appeal because the defendant had been involuntarily returned to Iowa after fleeing to Missouri. *See also State v. Wilkins*, 693 N.W.2d 348, 350 (Iowa 2005) (refusing to dismiss an appeal where a defendant turned himself in after escaping from custody and was serving a life sentence in an Iowa prison). Neither such distinction is applicable in this appeal.

Diriye failed to turn himself in on or by May 3, 2019, and remains at large. We, like the *Dyer* court, find the instant appeal warrants dismissal due to the fugitive status of Diriye. This "rule allowing dismissal of fugitives' appeals has rested in part on enforceability concerns, and in part on a 'disentitlement' theory

---

[1] Pursuant to Iowa Code section 811.1(2), a defendant shall not be admitted to bail if a defendant is appealing a class "C" felony included in section 707.6A.

that construes a defendant's flight during the pendency of his appeal as tantamount to a waiver or abandonment." *Ortega-Rodriguez v. United States,* 507 U.S. 234, 239 (1993); *Dyer*, 551 N.W.2d at 321.

In addition, "dismissal by an appellate court after a defendant has fled its jurisdiction serves an important deterrent function and advances an interest in efficient, dignified appellate practice." *Ortega-Rodriguez*, 507 U.S. at 242. Accordingly, we dismiss Diriye's appeal due to his fugitive status.

**APPEAL DISMISSED.**