# IN THE SUPREME COURT OF IOWA

No. 18–1099

Filed May 1, 2020

**STATE OF IOWA,**

Appellee,

vs.

**TERRENCE GORDON,**

Appellant.

---

Appeal from the Iowa District Court for Black Hawk County, Joel A. Dalrymple, Judge.

Defendant appeals his convictions, arguing the underlying plea agreement and proceedings should be vacated due to ineffective assistance of counsel and prosecutorial misconduct. **AFFIRMED.**

Kent A. Simmons, Bettendorf, for appellant.

Thomas J. Miller, Attorney General, Aaron Rogers and Zachary Miller, Assistant Attorneys General, Brian Williams, County Attorney, and James J. Katcher, Assistant County Attorney, for appellee.

**APPEL, Justice.**

In this case, counsel for a defendant successfully negotiated an unlawful forty-eight-hour release from custody as part of a plea bargain with the prosecution. The defendant absconded but has now been returned to custody. The defendant now claims ineffective assistance of counsel because the plea bargain contained an unlawful term which the prosecution honored and he abused. For the reasons expressed below, we affirm the conviction.

## I. Factual and Procedural Background.

**A. The Incident and Resulting Charges.** Police responded to a reported domestic assault at the home of Terrence Gordon. During the course of the investigation, Gordon was uncooperative, belligerent, and threatening toward the officers. Eventually, he picked up a snow shovel and began to swing it at an officer. After Gordon was subdued, he spat on and at an officer and continued aggressive and belligerent behavior in the squad car after his arrest, including inflicting damage to a squad car. During the incident, Gordon was intoxicated.

Gordon was incarcerated in the Black Hawk County jail. A magistrate set bail at $25,000 in cash. Gordon filed a motion for reduction of bail, which the court denied. Gordon remained incarcerated pending trial.

On March 25, 2018, the State charged Gordon with (1) one count of assault on a peace officer with a dangerous weapon, a class "D" felony; (2) two counts of assault on a peace officer, serious misdemeanors; (3) public intoxication as a third offense, an aggravated misdemeanor; and (4) criminal mischief in the fifth degree, a simple misdemeanor.

The felony charge of assault on a police officer with a dangerous weapon under Iowa Code section 708.3A(2) is a forcible felony under Iowa

Code section 702.11. The designation of the felony assault as a forcible felony in this case is significant because a person who pleads guilty to a forcible felony is prohibited from admission to bail after pleading guilty to the offense. *See* Iowa Code §§ 811.1(1), .2(1) (2017).

**B. Plea Bargaining.** On May 29, Gordon appeared for a jury trial but the possibility of a plea bargain was discussed. A term of the agreement was that Gordon would be given a "48-hour furlough" after entering the guilty pleas. The parties presented the oral plea agreement before a judge. The judge, however, rejected the plea agreement, noting "Well, the Court is not going to give him a 48-hour furlough when this is a forcible felony."

On June 5, the parties presented the plea agreement to another judge, who accepted the plea agreement and ultimately the guilty pleas. Under the plea agreement, the defendant pled guilty to all counts, with a five-year term to run concurrently for all offenses. As an additional condition of the plea agreement, Gordon received a forty-eight-hour furlough from the Black Hawk County jail. He was to return to the jail by 4:00 p.m. on June 7. The plea agreement further provided that upon his return, he would not be inebriated. Gordon's five-year sentence would also be enlarged by two years with consecutive sentences for probation violations from two other cases.

On June 7, Gordon did not appear as promised. A warrant was issued for his arrest on June 8. On June 25, counsel for Gordon filed a notice of appeal.

Counsel for Gordon withdrew on appeal, and new counsel was appointed. The State moved to dismiss the case on the ground that Gordon had absconded. This court ordered that the issue be considered with the appeal. Counsel for Gordon in his reply brief advised this court

that Gordon had been apprehended on September 16, 2019, in Urbana, Iowa. According to Gordon's counsel, he faced contempt charges in connection with his failure to comply with the terms of his sentence and is being held, without bond, in the Black Hawk County jail.

## II. Standard of Review.

This court reviews ineffective-assistance-of-counsel claims de novo. *State v. Thorndike*, 860 N.W.2d 316, 319 (Iowa 2015); *State v. Ortiz*, 789 N.W.2d 761, 764 (Iowa 2010). When the defendant claims a guilty plea resulted from ineffective assistance of counsel, the defendant can raise the issue on appeal without the necessity of a timely challenge in the district court. *State v. Weitzel*, 905 N.W.2d 397, 401 (Iowa 2017).

## III. Discussion.

**A. Positions of the Parties.** On appeal, Gordon seeks relief from his plea agreement based upon ineffective assistance of counsel and prosecutorial misconduct. Gordon asserts that he was not entitled to release for a forty-eight-hour furlough after pleading guilty to felonious assault on a police officer with a dangerous weapon, and therefore, that his plea agreement contained an unlawful term. He likens the situation to that presented in *Iowa Supreme Court Attorney Disciplinary Board v. Howe*, 706 N.W.2d 360 (Iowa 2005). In *Howe*, an assistant city attorney routinely allowed defendants to plead guilty to equipment violations for which there was no factual basis in order to avoid convictions for traffic violations. *Id.* at 366. Further claims against the attorney dealt with conflicts of interest within the scope of the attorney's job performance. *Id.* at 371–77. We suspended the license of the prosecutor in *Howe*, noting that permitting charges to be filed that are known to be bogus to allow defendants to escape adverse consequences diminishes respect for the

court and the public's confidence in the integrity of the criminal justice system. *Id.* at 379.

Gordon argues that a breach of duty occurs when a lawyer seeks to achieve a result that is illegal. Further, Gordon argues that but for the illegal provision, he would not have pled guilty to the various charges. According to Gordon, his trial counsel should have put her foot down to save Gordon from himself.

Gordon also makes an analogy to contract law. He argues that a plea agreement is akin to a contract and that the plea agreement in this case was "void" and not simply "voidable." In support of his argument, Gordon cites *Dillon v. Allen*, 46 Iowa 299 (1877). In that case, the plaintiff attempted to enforce a contract that called for the defendant to pay him for threshing of grain by use of a machine that was prohibited by statute. The *Dillon* court refused to enforce the contract, noting "that contracts intended to promote, or requiring the performance of acts forbidden by statute are void." *Id.* at 300.

The State responds first by asserting that the appeal should be dismissed because the appellant absconded. According to the State, the case is controlled by *State v. Dyer*, 551 N.W.2d 320 (Iowa 1996) (per curiam). In *Dyer*, we dismissed an appeal where the defendant absconded and could not be found. *Id.* at 321.

On the merits, the State argues that Gordon's direct appeal should be dismissed as a result of the enactment of Senate File 589. Senate File 589 amended Iowa Code section 814.7 to provide that claims of ineffective assistance of counsel generally cannot be raised on direct appeal and shall be brought in postconviction actions. *See* Iowa Code § 814.7 (2020). The State argues that the change brought about by Senate File 589 is

procedural in nature and, as a result, is retroactive and applies to pending cases.

In the alternative, the State claims that Gordon cannot obtain relief from the error because his claim is moot. According to the State, he already received the furlough and got everything he bargained for. Because he got all he asked for, there is no basis to vacate the guilty plea.

Further, the State points out, Gordon insisted on the furlough as part of a plea deal. The State argues that the sentence was not illegal because the district court merely delayed mittimus, which is not part of sentencing. The State also suggests the idea for a forty-eight-hour furlough was Gordon's and, as a result, he cannot take advantage of the error under the invited-error doctrine.

In reply, Gordon represents that he was apprehended and is currently being held without bond in the Black Hawk County jail. As a result, Gordon asserts that *Dyer* is not applicable and that the proper approach is presented in *State v. Byrd*, 448 N.W.2d 29 (Iowa 1989). In *Byrd*, an absconding defendant seeking to appeal was apprehended during the course of the appeal. *Id.* at 30. Under the facts and circumstances, we allowed the appeal in *Byrd* to proceed. *Id.* at 30–31.

**B. Motion to Dismiss.** We first address whether the appeal should be dismissed because Gordon absconded. The State's position that the appeal should be dismissed under *Dyer* would be correct if Gordon were still at large. We accept, however, the representation of defense counsel on appeal as a professional statement that Gordon has now been apprehended. As a result, the case is controlled not by *Dyer* but by *Byrd*.

In *Byrd*, the court engaged in a two-part inquiry. The first question is whether a statute or rule authorized dismissal. *Id.* at 31. Here, the State has not pointed to any such statute or rule, and we have found none

that would apply to the facts of this case. Therefore, the first prong of *Byrd* has been met.

The second prong of *Byrd* is whether equity or policy requires dismissal. *Id.* at 30–31. In *Byrd*, the court emphasized that the defendant had been returned to custody. *Id.* at 30 ("We note . . . Byrd has returned to this jurisdiction, albeit involuntarily. Because he is now within the reach of our authority, no element of futility frustrates the force of our judgment."). As a result, the *Byrd* court found there was no reason in policy or equity for the appeal not to continue. *Id.* at 31.

We think *Byrd* is controlling in the case before us, in light of the arrest and incarceration of Gordon. As a result, there is no basis to dismiss the appeal on the ground that Gordon absconded.

**C. Application of Senate File 589 to a Direct Appeal Filed Prior to July 1, 2019.** In this case, Gordon's appeal was filed on June 23, 2018. The amendment to Iowa Code section 814.7 contained in Senate File 589 was passed by the legislature in the spring of 2019. The amendment did not contain a specific effectiveness date.

While this appeal was pending, we considered the question of retroactivity of the amendment in *State v. Macke*, 933 N.W.2d 226 (Iowa 2019). We concluded in *Macke* that the amendments did not apply retrospectively to appeals from judgments entered before July 1, 2019, the effective date of the statutory change. *Id.* at 228. As a result, the amended provisions of Iowa Code section 814.7 do not apply to this case.

**D. Merits of Ineffective-Assistance-of-Counsel Claim.** Gordon asks this court to vacate his plea bargain on the ground that it contained an illegal provision, namely, that he would be released from the Black Hawk County jail for a forty-eight-hour furlough after pleading guilty. Gordon asserts that this provision was unlawful and that, absent the

furlough provision, he would not have accepted the deal. He further claims that his trial counsel committed ineffective assistance of counsel in obtaining the illegal benefit for him. The State does not disagree with Gordon's assertion that the forty-eight-hour furlough provision was illegal, but challenges his right to relief.

The record does not provide a basis for us to determine whether Gordon would have accepted the plea bargain without the illegal forty-eight-hour furlough provision. If resolution of this fact was determinative, we would affirm Gordon's convictions under the plea bargain on direct appeal, and Gordon would be required to pursue his claim in a postconviction-relief proceeding where the facts could be further developed.

But there is a legal issue in this case. Gordon received everything that he bargained for in the plea agreement and the State did not breach any term of the plea agreement. Further, it was Gordon, and not the State, that breached a term of the plea agreement. And, finally, the illegal term in the plea agreement was procured by Gordon and for his benefit, not the State's. A narrow question of law arises in this case: whether Gordon, as a matter of law, is precluded from seeking to challenge the effectiveness of his lawyer where the plea bargain, which Gordon instigated, provided him with a better deal than the law allows and which he subsequently breached after benefiting from the illegal term.

The parties have not cited authority directly on point. But we have found substantial authority for the proposition that a criminal defendant who enters a plea agreement with an illegally lenient sentence cannot benefit from that sentence and then attack the plea bargain. For instance, in *Graves v. State*, 822 So. 2d 1089 (Miss. Ct. App. 2002), the defendant pled guilty to armed robbery. *Id.* at 1090. He received an illegal suspended

sentence to which he was not entitled. *Id.* In an action for postconviction relief, he attacked the sentence as unlawful, and as a result, the conviction was void. *Id.*

The *Graves* court rejected the attack on the defendant's prior conviction. According to the *Graves* court, the defendant

> cannot stand mute when he is handed an illegal sentence which is more favorable than what the legal sentence would have been, reap the favorable benefits of that illegal sentence, and later claim to have been prejudiced as a result thereof.

*Id.* at 1091.

A Texas court similarly considered the impact of an illegal sentence in *Rhodes v. State,* 240 S.W.3d 882 (Tex. Crim. App. 2007). In *Rhodes,* a defendant with multiple offenses received an illegal concurrent sentence for his crimes when the sentences should have run consecutively. *Id.* at 884–85. It is not clear from the record whether the illegal sentence was the result of a plea bargain. *Id.* at 884. When the defendant was later arrested on other serious charges, the state sought to charge him as a habitual offender. *Id.* The question is whether the crimes for which he was first convicted and received an illegal sentence could be used as a predicate for habitual-offender status. *Id.* at 885. The *Rhodes* court declared that "a defendant cannot enter a plea agreement that imposes an illegal sentence, benefit from that sentence, and then attack the judgment when it is suddenly in his interests to do so." *Id.* at 891.

An Illinois appellate court considered a situation involving an illegally lenient plea bargain in *People v. Young,* 2 N.E.3d 445 (Ill. App. Ct. 2013). In *Young,* the defendant's plea bargain included a sentence that did not include a mandatory firearm enhancement. *Id.* at 447. He then launched a postconviction-relief action, claiming the original sentence was

illegal, the plea bargain void, and that he was entitled to plead anew or go to trial. *Id.*

The *Young* court denied the defendant relief. Consistent with *Graves* and *Rhodes*, the *Young* court declared that "[a] defendant who has enjoyed the benefits of an agreed judgment prescribing a too-lenient punishment should not be permitted to collaterally attack that judgment on a later date on the basis of the illegal leniency." *Id.* at 456 (quoting *Rhodes*, 240 S.W.3d at 892).

We have found one unreported case very close to the present case. In *State v. Bruton*, No. M199900956CCAR3CD, 2000 WL 374918 (Tenn. Crim. App. Apr. 7, 2000), the Tennessee court considered a case where a plea bargain was unlawfully lenient in sentencing a defendant to a community corrections facility. *Id.* at *1. Once there, he unlawfully left the facility and committed an assault. *Id.* Ordinarily, the Tennessee court noted, an illegal sentence would be subject to correction, but in this case, where the defendant had taken advantage of the benefit of the illegal bargain, there was no basis to vacate the illegal sentence. *Id.* at *2.

Although not involving a breach of an illegal term of a plea agreement and not presented in the context of an ineffective-assistance-of-counsel claim, the case of *United States v. Erwin*, 765 F.3d 219 (3d Cir. 2014), is instructive. In *Erwin*, a defendant sought to invalidate a plea bargain as a result of his own breach. *Id.* at 223. The *Erwin* court declined the invitation to do so, emphasizing that as a matter of contract law "a party should be prevented from benefitting from its own breach." *Id.* at 230 (quoting *Assaf v. Trinity Med. Ctr.*, 696 F.3d 681, 686 (7th Cir. 2012)). Further, the *Erwin* court noted that in the criminal context, "a court's failure to enforce a plea agreement against a breaching defendant 'would have a corrosive effect on the plea agreement process.'" *Id.* (quoting *United*

*States v. Williams*, 510 F.3d 416, 422 (3d Cir. 2007)). We do not think the teaching of *Erwin* is undermined by the fact that the provision of the plea agreement that was breached was illegal.

We conclude under the unique facts presented that Gordon is not entitled to bring an action alleging ineffective assistance of counsel in connection with the plea-bargaining process. His trial counsel achieved a result more beneficial than the law allows, and Gordon took full advantage of the extra benefit. Gordon received an extra benefit, although an illegal one. Gordon's problem is not an unlawfully lenient plea bargain, procured by ineffective assistance of counsel, but is instead his own action in absconding. He now is in a new pack of trouble, but that is Gordon's own doing. As a result, we do not think Gordon can show the kind of prejudice required to support an ineffective-assistance-of-counsel claim.

We emphasize that in this case, we do not fly on the wings of Pegasus surveying the broad field of the many potential consequences of a wide variety of illegal plea bargains. Instead, we have boots on the ground and firmly anchor our decision on the unusual facts and claims presented in this appeal before us. As such, in this particular case, we conclude as a matter of law that Gordon is not entitled to relief from his plea bargain based on his claim that his counsel achieved more for his benefit than the law allows.

### IV. Conclusion.

For the above reasons, the judgment of the district court is affirmed.

**AFFIRMED.**

All justices concur except McDermott, J., who takes no part.